**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip A. Brimmer**

Criminal Action 09-cr-00238-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  Donald A. Penrod,

    Defendant.

_____

DEFENSE MOTION FOR EXAMINATION TO DETERMINE MENTAL COMPETENCY
_____

    Attorney Richard N. Stuckey, appointed by the Court to represent the above-named defendant, now on behalf of the defense, respectfully moves under 18 U.S.C. § 4241(a) for a Court order for a hearing under 18 U.S.C. §4241(a) and § 4247(d) to determine the defendant's present mental competency, and for a psychiatric and psychological examination under 18 U.S.C. § 4241(b) prior to any such hearing, and as grounds therefore, does state as follows:

    1.  The government had earlier filed in this case its "Motion for Competency Determination and Psychiatric Examination of Defendant Pursuant to 18 U.S.C. § 4241, and § 4242; Exclusion of Time Under the Speedy Trial Act" (Doc. 38).  The Court, at hearing on October 23, 2009, denied the motion, finding that insufficient evidence existed or was presented to sustain or grant the motion.

    2.  The Court stated at that hearing, among other findings which led the Court to the conclusion that there was not "reasonable cause" to believe the defendant may be

presently mentally incompetent, that "[defense counsel] has not indicated that he has had communication problems with Mr. Penrod that rise to the level of an inability to assist properly in his defense."

    3. It is respectfully submitted now by defense counsel that since the October 23, 2009, hearing, facts have surfaced which show that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," 18 U.S.C. § 4241(a).

    4. Defendant has consistently, and more recently since the October 23, 2009, hearing, reacted illogically and irrationally to the Court's rulings of October 23rd. In addition he has accused undersigned counsel of "betrayal, corruption, incompetence and fraud," most recently several times at a thirty minute conference at the Federal Detention Center on November 18, 2009. He has written, as the Court knows, many long *pro se* pleadings and other documents which he has attempted to file with the Court. His "filings" since October 23 have persisted in rebuking the Court's rulings, and have repeatedly called the October 23rd hearing a fraud and a sham[1]. He is presently working on a "Motion to Disqualify Counsel" as well as other motions. He recently wrote and sent to the Court for filing a two-page filing (Doc. 58, with a lengthy attachment, all of which was later struck by the Court), in which he leveled attacks at counsel and the

---

    1. Defendant this date has filed a 40 page affidavit with two 20 page additions (which the Court may strike, as it has before on several of his pro se filings) without counsel's knowledge, and against counsel's general advice; however, the gist of these "filings" is a continuation of his insistence that the "lesser evils" and "necessity" defenses be pursued. As stated, the Court has ruled them out of the case, but Mr. Penrod refuses to acknowledge that result.

Court.

5. These writings and accusations may result in counsel having to move to withdraw from representation in the case, although counsel is trying to work through the problems first. The records from the Colorado Department of Corrections Sterling facility which the Court ordered produced have not yet been received, and they may assist in working out some problems. Nevertheless, defendant's present state of mind regarding his defense in this case now appears to counsel as totally illogical, irrational, and possibly delusional.

6. Defendant insists that his claimed "lesser evils" defense, and other defenses, all rejected by the Court, be pursued, and he refuses to discuss meaningfully or rationally the consequences of pursuing these defenses in the face of the Court's rulings prohibiting them.  His insistence on proceeding with his claimed defenses shows that he cannot assist counsel rationally or logically in his defense. Since October 23rd, he has become more anxious, agitated, angry and highly excitable than before in conferences at the Federal Detention Center. He insists, among other things, that his case will be highly attended by the national press, and that he will expose a conspiracy involving the Colorado State Legislature, many attorneys, and several judges. He has written a highly derogatory letter to the prosecutor in this case (since the October 23rd hearing), as well as his many letters full of unfounded accusations against defense counsel. All of these facts  therefore should be reasonable cause for the granting of a hearing and an examination on the issue of his present mental competency.

7. The test for a defendant's competence to stand trial depends on "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of

rational understanding– and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402; 80 S.Ct. 788; 4 L.Ed.2d 824, 825 (1960) (per curiam); *Smith v. Mullin*, 379 F.3d 919, 930-32 (10th Cir. 2004); *Allen v. Mullin*, 368 F.3d 1220, 1238-39 (10th Cir. 2004); Annotation, *"Validity, construction, and application of federal statutes providing for pretrial determination of mental competency of persons accused of federal crime,"* 4 L.Ed.2d 2077-2089 (1960).

8.  In accordance with 18 U.S.C. § 4241(b), it is respectfully requested, *this time by the defendant's own counsel,* that a psychiatric or psychological examination of defendant be conducted and a report filed with the Court prior to a hearing on competency.  It is not clear whether Defendant Penrod agrees now with the undersigned that such an examination if ordered by the Court would be in his best interests.  He speaks of a "mental competency defense" regarding the alleged offenses, and he is now in apparent agreement with counsel that the Federal Rules of Criminal Procedure Rule12.2 (a) and (b) filings made this date are proper.  It is believed that he still feels that he is presently mentally competent.  However, it is respectfully submitted at this time by undersigned counsel that Defendant Penrod cannot consult with counsel on his defense "with a reasonable degree of rational understanding" and that he does not have a rational understanding of the proceedings against him.

9.  Government counsel has found from the Bureau of Prisons that the facilities in the Colorado area are most appropriate and convenient place for such an examination, and that a qualified medical heath care professional would conduct the examination of defendant here, probably at the Federal Detention Center where defendant is presently held, and then issue a report to the Court as required by 18 U.S.C. § 4247(b) and (c).

      10.  The government has indicated that it is in total agreement with this renewed motion for a mental competency examination, mainly for the reasons it stated in its Motion for Competency Examination (Doc. 38) and at the hearing on October 23, 2009, and for the reasons stated herein.

Dated: December 9, 2009.          s/ Richard N. Stuckey
                                      Richard N. Stuckey
                                      Richard N. Stuckey, Attorney at Law, PC
                                      1801 Broadway, Suite 1100
                                      Denver, CO  80202
                                      303-292-0110
                                      FAX: 303-292-0522
                                      E-mail: dick@richardstuckeylaw.com
                                      Attorney for Defendant Donald Penrod

## CERTIFICATE OF SERVICE

      I hereby certify that on December 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Carlos A. Esqueda   carlos.esqueda@usdoj.gov

                                        s/ Richard N. Stuckey
                                        Richard N. Stuckey
                                        Richard N. Stuckey, Attorney at Law, PC
                                        1801 Broadway, Suite 1100
                                        Denver, CO  80202
                                        303-292-0110
                                        FAX:303-292-0522
                                        E-mail: dick@richardstuckeylaw.com
                                        Attorney for Defendant Donald Penrod